U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 29 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BETHANY L. DUBROC, ET AL | CIVIL ACTION NO. 1:15-02698 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WAL-MART LOUISIANA, LLC, | MAG. JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is "Defendant's Motion for Summary Judgment" (R. #9) wherein Wal-Mart Louisiana, LLC ("Wal-Mart") seeks to dismiss the instant lawsuit because plaintiffs cannot meet their burden of proof under Louisiana Revised Statute 9:2800.6 to show that Wal-Mart either created or had actual or constructive knowledge of the alleged water that purportedly caused plaintiff, Bethany Dubroc, to slip and fall.

## FACTUAL STATEMENT

On July 18, 2014, plaintiff, Bethany Dubroc, entered the Wal-Mart in Pineville, Louisiana; during the relevant time period, plaintiff alleges it was raining. As Mrs. Dubroc was reaching for a prescription in her wallet, she slipped and fell. One construction cone was located in the main entrance near the buggies; no other caution cones were present in the area where Mrs. Dubroc fell. Mrs. Dubroc noticed the water on the floor after the fall but could not state how long it had been there prior to her fall, nor is there any evidence presented that a Wal-Mart employee knew there was water on the floor in the area.

1

Brenda Cook, a Wal-Mart greeter, manned her greeter station and had a clear view of the location where Mrs. Dubroc fell when the incident occurred.[1] Ms. Cook was aware of Wal-Mart's Inclement Weather Policy and the duties expected of Wal-Mart associates to keep their area clean, dry and safe.[2]

In her "Witness Statement", Ms. Cook noted that "there was a small amount of water on the floor from the wet buggies."[3] Michelle Alexander, Wal-Mart's Assistant Manager, noted in the claim form that the area where Mrs. Dubroc fell was not clean or dry, and the floor had water; she also noted that it was raining.[4]

Wal-Mart's Inclement Weather Policy required that the floors be mopped every fifteen minutes. For one hour prior to the time Mrs. Dubroc fell, neither Ms. Cook, nor any other Wal-Mart associate mopped the area where Mrs. Dubroc fell.[5] Wal-Mart's Policies and Procedures also required associates to wipe down wet buggies; during the relevant time period, Ms. Cook did not wipe down the shopping carts.[6]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[7] A fact is

---

[1] Plaintiff's exhibit B, Wal-Mart Surveillance Video, 11:00-11:56.
[2] Plaintiff's exhibit E, pp. 9, 34, 42, 43, 64, 66, 82, 84, 86, 98 and 103.
[3] Plaintiff's exhibit D.
[4] Plaintiff's exhibit C, lines 14-16.
[5] Plaintiff's exhibit B; Plaintiff's exhibit E, p. 86.
[6] Plaintiff's exhibit B, Plaintiff's exhibit E, p. 98.
[7] Fed. R. Civ. P. 56(c).

2

"material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[14]

## LAW AND ANALYSIS

Louisiana Revised Statute 9:2800.6 governs slip-and-fall accidents in merchant retail stores and is as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

---

[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[11] Anderson, 477 U.S. at 249.
[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[14] Anderson, 477 U.S. at 249-50.

3

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

   (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
   (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
   (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions

   (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

   (2) "Merchant" means one whose business is to sell goods, food, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code arts. 660, 667, 669, 2317, 2322 or 2695.

Plaintiff must prove:

1. The condition presented an unreasonable risk of harm and that risk was reasonably foreseeable;

2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and

3. The merchant failed to exercise reasonable care.[15]

A plaintiff's failure to prove any of these factors is fatal to her claim.[16] Courts will not infer constructive notice; the claimant must make a positive showing of the existence of the condition prior to the fall and that it existed for some period of time.[17] "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some period of time."[18] A "defendant need not come forward with positive evidence of the absence of the spill."[19]

Wal-Mart maintains that Plaintiffs have failed to come forward with evidence showing that the damage-causing condition existed for some period of time.[20] Wal-Mart relies on Mrs. Dubroc's testimony that the only footprints and/or cart tracks she observed in the pool of water were her own.[21] Wal-Mart remarks that the surveillance video[22] reveals that at least ten people traversed the spot where Mrs. Dubroc slipped without incident, including an elderly man with a

---

[15] Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 897 (La.App. 2d Cir. 6/25/03).
[16] Id.
[17] White v. Wal-Mart Stores, Inc, 699 So.2d 1081, 1084 (La. 9/9/97).
[18] Id.
[19] Id. at 1086.
[20] Citing White, supra.
[21] Plaintiffs' exhibit A, Bethanie Dubroc depo., p. 36, lns.10-17. (R. #9-3).
[22] Plaintiffs' exhibit B.

5

cane.[23] Wal-Mart further remarks that at least five shopping carts rolled through the spot where plaintiff slipped just five (5) minutes prior to the incident. Wal-Mart contends that plaintiffs' assertion that the water was on the ground for any period of time prior to her slipping is pure speculation.

Plaintiffs rely on two cases, George v. Wal-Mart Stores, Inc.[24] and Burnett v. M & E Food Mart, Inc. No. 2,[25] to contend that because Wal-Mart employee, Brenda Cook, failed to follow Wal-Mart's Inclement Weather Policy procedures, summary judgment in favor of Defendant should be denied. The court notes that in both of these cases, the defendant retailer created the hazard that caused the plaintiff's injuries. Such is not the case in this matter; plaintiffs have not asserted that Wal-Mart created the hazard.

Defendant relies on Pollet v. Sears Roebuck & Co.,[26] and Alexander v. Wal-Mart Stores, Inc.[27] In Pollet, plaintiff slipped and fell as she entered the store on a rainy day; she did not see the water until after she fell. She did observe a mat caught in the door that allowed water into the store. The Fifth Circuit found that for purposes of constructive notice, whether or not Sears followed their own inclement weather policy was irrelevant. Hence, the Fifth Circuit held that plaintiff had failed to establish the temporal component of constructive notice.[28]

---

[23] Id. at 11:51:45.
[24] 2002 WL 1939917 (12/09/1998).
[25] 772 So.2d 393 (La.App. 3 Cir. 11/15/00).
[26] 46 Fed. Appx. 226, 2002 WL 1939917 (5th Cir. July 18, 2002)(unpublished).
[27] 707 So.2d 1292, 1295, writ denied, 717 So.2d 1169 (La. 4/24/98).
[28] Pollet, supra.

6

In <u>Alexander v. Wal-Mart Stores, Inc.,</u>[29] the plaintiff slipped and fell upon entering the store on a rainy afternoon. The greeter testified that she was responsible for mopping the particular area on rainy days, but she could not remember how long it had been since she mopped; it could have been as long as an hour. The evidence revealed that there was no rug placed at the entrance door where the fall happened. The Third Circuit Court of Appeal found that there was "constructive notice" due to "the length of time it had been raining, the length of time between the last dry mopping of the area and the plaintiff's fall, [and] the lack of a rug at the entrance door used by plaintiff . . . ."[30] Pursuant to a remand, the court was instructed by the Louisiana Supreme Court to reconsider its decision in light of <u>White v. Wal-Mart</u>.[31] On reconsideration, the Third Circuit held that plaintiff had not carried his burden of showing that Wal-Mart had constructive notice of the condition in the vestibule of its store where plaintiff slipped and fell. The court noted that as in <u>White</u>, the Plaintiff presented no evidence that the Defendant created or had actual notice of the water on the floor, nor had Plaintiff presented any positive evidence about how long the spill had been on the floor. In the <u>Alexander</u> case, it had been raining for an extended period, and the floor had not been mopped for at least one hour prior to the fall. Ultimately, the court concluded that there was not enough evidence to show that the wet condition had existed for a sufficient period to allow the merchant to discover its existence with the exercise of reasonable care.

---

[29] 707 So.2d 1292, (La.App. 3 Cir. 2/4/98), <u>writ denied</u>, 717 So.2d 1169 (La. 4/24/98).
[30] <u>Alexander v. Wal-Mart Stores, Inc.</u>, 692 So.2d 1313, 1314 (La.App. 3 Cir. 4/2/97), <u>writ granted, judgment vacated,</u> 703 So.2d 31 (La. 11/7/97).
[31] 699 So.2d 1081 (La. 9/9/97).

7

We have the same situation here. Plaintiff has presented evidence of the Wal-Mart Inclement Weather Policy procedure and evidence that the employees allegedly did not follow said procedure. <u>Pollet</u> tells us this is irrelevant. The evidence presented which includes the surveillance video, deposition testimony and witness statements sheds no light whatsoever as to how long the water had been on the floor prior to Mrs. Duboc's fall. Thus, we must conclude that plaintiffs have failed to establish the temporal component of constructive notice which is fatal to their claim.

## **CONCLUSION**

For the reasons stated herein, the court finds that plaintiffs have failed to establish that Wal-Mart had actual or constructive notice of the water on the floor which allegedly caused Mrs. Dubroc's fall; the motion for summary judgment will be granted dismissing with prejudice plaintiffs' claims against Wal-Mart.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 29th day of November, 2016.

_____
JAMES T. TRIMBLE JR.
UNITED STATES DISTRICT JUDGE

8